**AFFIRM; Opinion issued April 11, 2013**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00343-CR
No. 05-12-00344-CR
No. 05-12-00345-CR

**ARRON EUGENE GREEN JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-14398-R, F09-20670-R & F09-20676-R**

**OPINION**

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

Arron Eugene Green Jr. appeals his convictions for two robbery offenses and aggravated robbery with a deadly weapon. Appellant pleaded guilty to all three charges in accordance with plea agreements with the State and was placed on deferred adjudication probation for seven years. The State filed motions to adjudicate guilt when he was charged with robbery and evading arrest. At the hearing on the motions, the State proceeded only on the allegation that appellant violated his probation by committing evading arrest and robbery. The trial court found appellant guilty and assessed punishment at twenty years for each robbery charge and thirty years for the aggravated robbery charge. In one issue, appellant claims the trial court abused its discretion in overruling his objections to certain evidence. We affirm.

Employees of the McDonald's Restaurant at Corn Valley and Pioneer Parkway testified the robber wore black sweat pants, a blue t-shirt over a white long-sleeved t-shirt, a "do rag," and yellow rubber gloves. He was carrying a gun and a black bag. Inside the black bag was a blue bag which he handed to the employees and told them to fill it with the money from the safe and cash registers.

Grand Prairie police officer Kevin Cox said he responded to the robbery call with several other officers. Employees and witnesses gave a physical description of the robber based primarily on clothing and told the officers he ran toward the church diagonally across from McDonald's. Cox drove in the direction of the church where he saw appellant running across the street. After following appellant in his car, Cox then chased him on foot, joined by Officers Yancy and Hickman. The officers identified themselves but appellant did not stop running until Officer Yancy tackled him.

Appellant was wearing red pants and was carrying a blue bag. Inside the bag was a black bag, cash, and what appeared to be a gun. Cox returned to the neighborhood area near the McDonald's and found a pair of black sweat pants hanging on a fence. Nearby, he found a blue shirt and a white long-sleeved t-shirt.

In a single issue, appellant contends the trial court abused its discretion by overruling his objections that Officer Cox's testimony was speculative because he did not have personal knowledge of the facts to which he testified. We overrule appellant's issue.

We review a trial court's ruling admitting testimony under an abuse of discretion standard and will uphold the trial court's decision if it is within "the zone of reasonable disagreement." *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001).

Cox initially testified on direct about the clothing the officers found. He was not asked and did not offer any explanation or theory about why the clothing was near the fence or why the officers looked for the clothing.

During cross-examination, defense counsel asked Cox about the clothing he found and whether they found rubber gloves or a do rag in the area. Cox conceded they did not. Counsel then asked if it appeared someone had disrobed by the fence and remarked "So someone would have to rip that shirt off and rip those pants off where that fence is, correct?"

During redirect, the State asked Cox if he had experienced "that those who commit robberies or burglaries oftentimes in running away try and get out of clothes so that they don't fit descriptions?" After the trial court overruled appellant's objection that Cox was being asked to speculate, Cox responded yes. The State then asked if that was why Cox backtracked and found the clothes. Cox said appellant was wearing different clothes than those described by witnesses, so he told his fellow officers he thought there had been enough time for appellant "to possibly have done something like change." Appellant again objected to speculation, and the trial court overruled the objection.

The first statement is not speculation; rather, Cox testified about his experience generally as an officer. The trial court did not abuse its discretion by overruling the first objection. To the extent the second statement was speculation, appellant has failed to show harm.

An erroneous decision to admit or exclude evidence is nonconstitutional error. *Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007). Under rule 44.2(b), we disregard nonconstitutional error that does not affect the substantive rights of appellant. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). A substantial right is affected when the error has a

substantial and injurious effect or influence.  *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

Nothing in the record shows appellant was harmed by Cox's statement.  Appellant testified and, although he denied robbing the McDonald's, he admitted he evaded arrest.  This evidence alone was sufficient to support the State's motions to adjudicate guilt.  Under these circumstances, we cannot conclude appellant was harmed by Cox's testimony.  We overrule his single issue.

We affirm the trial court's judgments.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120343F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARRON EUGENE GREEN JR. , Appellant

No. 05-12-00343-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-14398-R.
Opinion delivered by Justice Francis.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

5



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARRON EUGENE GREEN JR. , Appellant

No. 05-12-00344-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-20670-R.
Opinion delivered by Justice Francis.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered April 11, 2013.


/Molly Francis/

MOLLY FRANCIS
JUSTICE

6



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARRON EUGENE GREEN JR. , Appellant

No. 05-12-00345-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-20676-R.
Opinion delivered by Justice Francis.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE